GREEN, J.
delivered the opinion of the court.
This action is brought upon a promissory note, which purports to have been executed by Hall & Eaton.
Hall & Eaton were partners in an extensive distilling establishment in the county of Davidson. Hall drew a bill of exchange on Eaton, which was negotiated at the Union Bank the 19th of April, 1838. This bill was protested for non-acceptance: when it came back it was taken up by Hall, who in subsequent renewals executed notes in the name of Hall & Eaton. The note now sued on, is the one executed on the last renewal- The plaintiff proved by Armstrong, that when Hall presented the bill for endorsement, he said he wished the money to be obtained by discounting the bill, for the use of their .distillery.
John M. Bass, President of the Bank, proved that Allen A, Hall, when he.offered the bill for discount at the Bank, stated that the proceeds were wanted for the use of the distillery carried on by him and Eaton, which was much in need of funds; that he had authority from Eaton to draw on him to raise funds *500 for that purpose; and witness thought that Hall exhibited to him a letter from Eaton to that effect.
The charge of the court need not be set out or criticised, for although somewhat ambiguous, we are not prepared to say that, when properly understood, it is erroneous.
The jury found for the defendant, and the plaintiff moved for a new trial, which was refused, and an appeal was taken to this court.
We think His Honor erred in refusing a new trial. The question before the jury was, whether Hall and the plaintiff had been guilty of a fraud in the substitution of the note of Hall & Eaton, executed by Hall, for the draft which Hall had drawn, and upon which he had received the money from the Bank. As the draft was drawn in Hall’s individual name, if the money was advanced for his individual use, and on his credit, the substitution of this note for the draft would be a fraud on Eaton. But the evidence does not make out that case. Armstrong and Bass prove, that Hall said, when he presented it to the Bank for discount, that he wanted the money for the use of the distillery of Hall & Eaton. Now, as they were partners -in that business, Hall had a right to borrow money on the credit of the firm, to be used for the prosecution of the transactions of the partnership. Having borrowed the money for the business, and on the credit of the firm, both partners would be liable therefor. But if he secured, the payment by note or bill, in his own name, the creditor would have an action on that security against him only, though he may possibly succeed against the firm for money had and received. Collyer on Part. ch. 2 sec. 2, p. 262: Story on Part. sec. 102, 104.
These principles were quoted from Story’s and Collyer’s works on partnership, in the case of Foster vs. Eaton, (4 Hump. Rep. 346,) and approved by this court in the following paragraph:
“It is clear from these authorities,” says the court, “that where money is borrowed for a firm, and the individual note or bill of one partner only is taken, that partner alone will be responsible on the note or bill, and in order to hold the firm liable for money advanced, it must appear that it was obtained *501 for the firm, and on the credit of the firm, otherwise it will be treated as an election by the creditor to absolve the partnership from responsibility, and to confine the credit to that partner onty.”
From these principles it follows, we think, that if money be obtained for a firm, and on its credit,, by the acting partner thereof, it is no fraud upon the other partner, if the note of the firm be executed therefor, although it was originally secured by the note or bill of the acting partner only. It cannot be said to be the acting partner’s private'debt in the sense in which it is held to be a fraud, for a partner to pay his private debt by the substitution of the note of his firm.
1. If, therefore, money be borrowed by a partner in his own name, and on his own credit, and his individual note be executed therefor, it is no fraud afterwards to substitute the note of the firm, provided it be shown, that the money actually went into the business of the firm; or
2. If a partner borrow money for the firm, and on its credit, it is no fraud to substitute the note of the firm for the individual bill of the partner, which may have been originally given to secure its payment, though it may not appear that the money was applied to the business of the firm.
With these views, we think, the court erred in refusing a new trial, as there is no opposing testimony, and no question of preponderance of proof.
Reverse the judgment, and remand the cause for another trial.